09-4528-ag
Huang v. Holder

BIA
A077 550 987

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand ten.

PRESENT:

REENA RAGGI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges*.

_____

MEI LING HUANG,
   *Petitioner*,

   v.          09-4528-ag
               NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
   *Respondent*.

_____

FOR PETITIONER:  Nathan Weill, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Ling Huang, a native and citizen of China, seeks review of the October 5, 2009, order of the BIA denying her motion to reopen. *In re Mei Ling Huang*, No. A 077 550 987 (B.I.A. Oct. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Huang's untimely motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Huang does not dispute that her March 2009 motion was untimely. Rather, she argues that the BIA should have tolled the time limitations to accommodate her ineffective assistance of counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

2

In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). The BIA did not abuse its discretion in declining to equitably toll the filing deadline for Huang's motion to reopen because, as it found, she failed to demonstrate that she exercised due diligence in pursuing her claim. *Id.*; *see Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Huang argues that she exercised due diligence because she filed her motion to reopen "as soon as she learned that [her prior attorney's conduct] was improper." However, to warrant equitable tolling, Huang was also required to demonstrate that she exercised due diligence in pursuing her claims during the period of time *before* the ineffective assistance of counsel was discovered. *See Rashid*, 533 F.3d at 132. Huang indicated that she "kn[ew] immediately following [her May 2000 merits] hearing that [her prior attorney's] lack of preparation resulted in the denial of her claims."

3

Moreover, Huang has never explained when she began seeking to reopen her case, or who informed her that her prior attorney's conduct was potentially ineffective. Under these circumstances, we find no error in the BIA's conclusion that Huang did not exercise the requisite due diligence. *See id.; Cekic*, 435 F.3d at 170 (requiring an affirmative demonstration of the exercise of due diligence). Accordingly, we need not consider Huang's arguments that she substantially complied with *Matter of Lozada* and was prejudiced by the allegedly ineffective assistance she received. *See Cekic*, 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4